GEORGE W. HARDY, Jr., Judge.
This proceeding was instituted by Mrs. Felicia Tranchina, wife of John W. Gair-ens, seeking the probate of a typewritten will, dated March 26, 1959, purportedly left by her deceased father, Peter Tranchina. The will was ordered probated and executed, and petitioner was confirmed as testamentary executrix of the estate of the decedent. Subsequent to this action Salvatore Tranchina, a son of decedent, filed an opposition to the probate and execution of the will above described and to the appointment of the executrix. In connection with his opposition the opponent presented a will of the decedent dated January 11, 1943, which he prayed to have probated and ordered executed, further praying that he be appointed executor thereunder. To this opposition the original petitioner filed answer praying that opponent’s claims be dismissed, or, alternatively, if the court held the will dated March 26, 1959, to be invalid, null and void, then in such event that a will dated May 27, 1946, be filed and ordered executed, and that she be confirmed as testamentary executrix thereunder.
After trial there was judgment annulling the will dated March 26, 1959, setting aside its registry and execution, and further judgment recognizing the will dated May 27, 1946 as valid, ordering the same registered and executed and confirming Mrs. Felicia Tranchina, wife of John W. Gair-ens, as testamentary executrix thereunder. From this judgment the original opponent, Salvatore Tranchina, has appealed.
Diligent counsel for appellant in brief has called our attention to the fact that the date of the will which was declared a nullity is set forth, in the judgment appealed from, as being March 26,1960. This is obviously a typographical error, and, accordingly, the same is corrected, nunc pro tunc, to read March 26, 1959.
Decedent, Peter Tranchina, left three purported last wills and testaments, which may be briefly summarized as follows:
(1). A will, in nuncupative form, dated January 11, 1943, executed before Frank P. Luccia, Notary Public, in which the testator bequeathed the one-third disposable portion of his estate to his children, Salvatore and Felicia, leaving the remainder to his three children, Salvatore, Frank and Felicia, in equal portions, share and share alike. This instrument further named the testator’s son, Salvatore Tranchina, as executor.
(2). A will, in nuncupative form, dated May 27, 1946, executed before Frank P. Luccia, Notary Public, in *780 which the testator bequeathed the one-third disposable portion of his estate to his daughter, Felicia, the remainder to his three children, Salvadore, Frank and Felicia, and named his daughter, Felicia, as executrix.
(3). A typewritten will, under the provisions of LRS. 9:2442, dated March 26, 1959, attested by two witnesses and the notary, L. L. Dubourg," in which the testator gave the disposable portion of his estate to his daughter, Felicia, as an extra portion, and named her as executrix.
The testator, Peter Tranchina, died June 17, 1960, and, as above set forth, the typewritten will of date March 26, 1959, was ordered probated and executed. The judgment annulling said will and recalling the registry and execution thereof was predicated upon a defect in the form thereof, and neither party to this appeal takes issue with that portion of the judgment. The primary question presented by this appeal is the correctness, vel non, of the judgment recognizing the nuncupative will by public act dated May 27, 1946.
In brief before this Court, counsel for Salvatore Tranchina, appellant, contends the will of May 27, 1946, was invalid for the reasons (a) it was dictated, at least in part, in Italian but written in English; (b) the testator’s intention was neither fully expressed nor correctly interpreted; (c) the notary influenced the testator’s intentions; (d) the will dated May 27, 1946, which was recognized and ordered registered and executed, did not revoke the prior will of date January 11, 1943, and, alternatively, (e) that all three wills should be declared invalid and the property of decedents should pass to his heirs in accordance with the laws governing intestate successions.
We have encountered no difficulty in reaching the conclusion that the errors asserted under (a), (b), and (c) are not sustained by the record.
With relation to the will dated May 27, 1946, the notary by whom the same was drawn testified in meticulous detail as to the facts surrounding the dictation and transcription of the will. While it is true that there may have been some conversations or remarks in the Italian language between the testator and the notary, this circumstance does not alter the fact that, according to the testimony of the notary, the wishes of the testator were expressed and dictated in English. This testimony was explicitly corroborated by two of the three attesting witnesses to the will who were present during the entire time, the third witness being deceased at the time of trial.
\
The fact that a notary, in drawing a will, uses words and expressions which are not identical or which 'were not actually uttered by the testator is immaterial. Concededly, the testator in this instance, in expressing his wishes to the notary, would not have known the meaning of words -such as “precarious”, “bequeath”, “disposable portion”, “legitime”, “seizin”, etc., etc. For the most part, these are lawyers’ words, not commonly known, understood nor used by laymen, and the invalidation of a formal testament on this ground would be a gross injustice both to testators and to notaries public. Our jurisprudence on this point is so well established as hardly to necessitate citation. However, we refer to Successions of Gilbert, 222 La. 840, 64 So.2d 192, in which the court re-enunciated the well established principle that the requirement that a will must be dictated by the testator and written by the notary as dictated does not mean that the notary must, in drafting the instrument, use the exact words of the testator but is required only to preserve the identity of thought. As was said in Succession of Beattie, 163 La. 831, 112 So. 802:
“ * * * It is well settled that the dictation of the will refers to the substance, and not the style, and that all the law exacts is that the will, as written, conveys the identity of thought expressed by the testator, and not the identity of words used by him.”
*781 Both of the above cited cases contain references to numerous authorities to the same effect.
The record does not contain any support for the contention that the testator’s intentions were influenced by the notary.
We find no justification for the claim of appellant in urging his rights under the will of 1943 on the ground that the ■same was not revoked by the will of 1946. Revocation of testaments may be either express or tacit, LSA-C.C. Article 1691, and posterior testaments, which do not expressly revoke prior ones, annul only such dispositions as are incompatible, contrary or different from those last expressed, LSA-C.C. Article 1693.
Applying the above principles, it is obvious that the will of 1946 is incompatible with and contrary to the expressions of the testator’s wishes as set forth in the will of 1943. The instrument executed in 1943 bequeathed the one-third disposable portion of the testator’s property to his children, Salvatore and Felicia, who are the opposed parties in this litigation, and appointed Salvatore as executor. The will of 1946, which was validated in the judgment appealed from, bequeathed the one-third disposable portion of the testator’s property to his daughter, Felicia, and appointed her executrix. The contrary bequests with respect to the disposable portion of the testator’s estate cannot possibly be reconciled. Nor do we accept the argument that the naming of the testator’s daughter, Felicia, in the last dated testament failed to abrogate the naming of Salvatore as executor of the earlier will. We regard as specious and illogical the argument that Felicia was not named as “sole” executor, and, therefore, the testator’s intention must be construed as providing for the naming of both Salvatore and Felicia as co-executors.
The formalities required in the execution of nuncupative testaments by public act are set forth in LSA-C.C. Article 1578 et seq. (Cf., an appropriate comment on the interpretation of these requirements in XII T.L.R., page 439)
We are firmly convinced that the record in the instant case overwhelmingly supports the conclusion that all of the required formalities were observed, and, accordingly, there can be no question as to the validity and effect of the 1946 will. It follows that the alternative contention on behalf of appellant, urging that all three wills be declared invalid, merits no discussion.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.